IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES PAUL ALLEN,

                Plaintiff

   VS.

HALE BURNSIDE, *et al.*,

              Defendants

NO. 5:06-CV-151 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against plaintiff JAMES PAUL ALLEN in the above-styled case. Tab #17. The defendants' motion is supported by a brief (Tab #18), a Statement of Undisputed Material Facts (Tab #19), and a number of attached exhibits. Despite being advised of his right to respond to the defendants' motion and being granted an extension of time to file that response (Tabs #23 and #27), the plaintiff has failed to do so.[1] Notwithstanding plaintiff's failure to respond, the court cannot grant summary judgment unless the evidence before it supports the same.

Plaintiff's alleges that the defendants were deliberately indifferent to his serious medical needs — specifically his hepatitis C — from the time the plaintiff entered Men's State Prison (MSP) in October of 2004 through the plaintiff's filing of the instant suit in May of 2006.

---

[1] The plaintiff has alleged that some of his legal materials were withheld from him when an inmate who was helping him prepare his case was sent to administrative segregation. Tab #24. The defendants assured the court that all of the documents that could be identified as belonging to the plaintiff or relating to the plaintiff's case were returned to him. Tab #31.

# SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

**FACTS**

As stated above, facts must be viewed in the light most favorable to the non-moving party, in this case plaintiff ALLEN. Because the plaintiff has not submitted *any* evidence on his behalf, the court is left with only the evidence presented by the defendants and the deposition of the plaintiff taken on November 16, 2006. Tab #22. Upon review of the evidence before the court, the undersigned finds the facts in their most simple terms to be as follows:

Plaintiff ALLEN arrived at MSP in October of 2004, knowing that he was infected with hepatitis C. By the time the plaintiff filed the instant suit, May 11, 2006, he had not undergone any treatment for his hepatitis. In the year and a half between the plaintiff's arrival at MSP and his filing suit, he was seen numerous times by prison doctors who, as early as January 27, 2005, recommended that plaintiff undergo a liver biopsy and other examinations. An ultrasound was performed on August 8, 2005, and a biopsy was taken on December 12, 2005, nearly a year after it had been recommended.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

On December 22, 2005, Dr. Presnell (not a party to this suit) recommended a drug regimen for the plaintiff. Affidavit of Dr. Edward H. Burnside, Tab #17-2 at ¶32. That treatment was ordered to start on January 30, 2006, but the treatment was cancelled two days later on February 1, 2006. *Id.* at ¶¶33 and 34. It is unclear who cancelled that treatment. Defendant Burnside saw the plaintiff on March 8, 2006, and entered a third order to start treatment. *Id.* at ¶35. After treatment was not started, defendant Burnside on April 21, 2006, entered still another order for the plaintiff to receive treatment. *Id.* at ¶37. It is unclear whether treatment ever began, but on May 1, 2006, plaintiff ALLEN told defendant Burnside that he might be getting paroled soon, and Burnside discontinued treatment. *Id.* at ¶38.

The plaintiff then filed this suit on May 11, 2006, apparently after learning that his treatment was going to be discontinued.

## DISCUSSION

It is well established that deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment, as proscribed by the Eighth Amendment. ***Estelle v. Gamble***, 429 U.S. 97 (1976). Hepatitis C is a serious medical need. *See* ***Brown v. Johnson***, 387 F.3d 1344, 1351 (11th Cir. 2004).

The defendants have shown the court, through medical records and the affidavit of Dr. Burnside, that the plaintiff's condition has been monitored while he has been incarcerated at MSP and that treatment has been ordered. They have not, however, demonstrated that plaintiff ALLEN's treatment rises to a constitutionally satisfactory level.

After a doctor recommended a liver biopsy, the plaintiff had to wait nearly a **YEAR** before the biopsy was actually performed. The defendants have offered ***no explanation*** for that delay; nor have the defendants offered any explanation as to why after defendant Burnside **THREE TIMES** ordered that treatment begin – in January, March, and April of 2006– that treatment never started.

In his complaint, plaintiff ALLEN avers that he was told that he was not receiving treatment because of financial concerns. The defendants have not specifically refuted that assertion, and financial concerns are not a justifiable reason to withhold treatment. *See* ***Anderson v. City of Atlanta***, 778 F.2d 678, 688 n.14 (11th Cir. 1985). Although plaintiff has not provided any evidence in support of this contention, because the defendants have failed to provide any other reason for delay, it remains an unanswered question of fact.

The defendants have submitted arguments regarding the care the plaintiff received and/or refused in the time *after* the plaintiff filed his complaint. That time period is not the subject of this lawsuit; therefore, this Recommendation will not address those arguments.

The defendants try to portray this action as one alleging differences in opinion between the plaintiff and the prison's medical staff. While there is a disagreement present, there is sufficient evidence before the court to support plaintiff's contention that he did not receive adequate care, at least to the extent that further factual development is required. As explained above, the defendants have not offered any explanation for the significant delays in testing and treatment for a serious disease that had been diagnosed *by prison medical personnel* as needing treatment.[3]

- 5 -

---

[3] The only "evidence" that the defendants cite in their brief that provides any reason for the delay is hearsay: "Plaintiff told Dr. Cuartas that he was not interested in treatment at that time." Burnside affidavit at ¶16.

Having shown that there are questions of fact regarding the level of treatment the plaintiff received, we must now look at the defendants and whether either or both of the defendants could be found to have caused any deficient treatment. As the plaintiff's (apparent) primary physician, it appears that Dr. Burnside could have *possibly* done more to expedite the plaintiff's testing and treatment. The duties and responsibilities of Calvin Ramsey have not been established for the court, and there remain questions of fact as to whether, as the Health Services Administrator at MSP, he had knowledge of the plaintiff's medical needs, failed to address plaintiff's medical needs, or even had the authority to do something about them.

## QUALIFIED IMMUNITY

The defendants have asserted the defense of qualified immunity which shields government officials from suit if they do not violate clearly established federal law in the performance of their official duties. The law regarding inadequate medical care in prisons is clearly established, and there remain questions as to whether the defendants violated that clearly established constitutional standard. Thus, the defendants are not entitled to qualified immunity.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment (Tab #17) be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Additionally, pending before the court are the plaintiff's motions for emergency order (Tab #24) and motion for emergency hearing (Tab #28) which deal with the plaintiff's allegations that the defendants have confiscated the plaintiff's legal materials. Those motions are **DENIED**. *See* Footnote 1 above.

SO ORDERED AND RECOMMENDED this 31st day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE